**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**


**ALTON R. PITTMAN,**

      **Plaintiff,**

**vs.**                                    **CASE NO. 1:04CV82-MMP/AK**

**GEICO, et al,**

      **Defendants.**

                                **/**


## REPORT AND RECOMMENDATION

Plaintiff brings this cause pursuant to unspecified "Federal Statutes" alleging that the Defendants violated his civil rights in relation to an automobile accident and the insurance settlement thereof. (Doc. 7). Plaintiff paid the filing fee and has served five of the six named defendants, all of whom have filed motions to dismiss.[1] (Docs. 21, 25, 26, 27, and 35). Plaintiff has responded. (Doc. 37).

---

[1] Defendant Pam Capen has not been served and over 120 days have passed since the complaint was filed against her. Plaintiff was granted an extension of time through April 27, 2005, to complete service upon her (doc. 31), but as of this date service has not been completed.

## I.     Allegations of the Amended Complaint (doc. 7)

Plaintiff claims generally that he was involved in a "staged" automobile collision

on April 10, 2004.  He sues the person who hit him (Sandra Shuler),[2] the law

enforcement officer who investigated the accident (Pam Capen), Stephen Oelrich,

Sheriff of Alachua County, the insurance company that settled the claim (Geico), the law

firm who represented Sandra Shuler and handled the settlement (Schackow &

Mercandante), and a private investigator he hired to investigate Shuler (Kevin Hamill).

Generally, he claims that Defendant Shuler hit him on purpose to extort money from

Plaintiff's insurance company and that he told the investigating officers this, but they

ignored him and were otherwise negligent in their investigation of the accident.  Plaintiff

claims that Geico libeled and slandered him and accused him of committing a crime.

Plaintiff lists seven "aims" of his lawsuit: (1) to inhibit staged crashes; (2) to

prevent insurance companies from settling lawsuits without the consent of the insured;

(3) to prevent attorneys from contacting insurance companies directly in order to extort

money and bypass the insured; (4) to find Florida's No-fault insurance laws

unconstitutional; (5) to find the standard Florida crash report unconstitutional because it

lists the name of a person's insurance company which allows lawyers to bypass the

insured; (6) to find the standard Florida crash report unconstitutional because it shows

the address of an insured; and (7) to inhibit Geico from intimidating Plaintiff and his

doctor from seeking medical attention.

---

[2]  Plaintiff spells this Defendant's last name as "Schuler," but the correct spelling
is "Shuler."

**No. 1:04cv82-mmp/ak**

Plaintiff also seeks $1,000,000.00 for permanent injuries from the accident, which now prevent him from working full time.

## II.   Standard of Review

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Boyer v. Board of County Comm'rs, 922 F. Supp. 476, 482 (D. Kan. 1996), *aff'd,* 108 F.3d 1388, *citing* Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993); Mitchell v. Farcass, 112 F.3d 1483, 1487 (11th Cir. 1997); Mannings v. Board of Public Instr. of Hillsborough County, Fla., 277 F.2d 370, 372 (5th Cir. 1960).  The court should not weigh the evidence, but merely "determine whether the complaint itself is legally sufficient." In re Mosello, 190 B.R. 165, 168, *aff'd,* 193 B.R. 147, *aff'd,* 104 F.3d 352 (Bankr. S.D.N.Y. 1995), *citing* Festa v. Local 3, Int'l Brotherhood of Elec. Workers, 905 F.2d 35, 37 (2d Cir. 1990).  Dismissal of a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-6, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

All well-pleaded factual allegations and reasonable inferences from those allegations must be accepted as true in ruling upon a motion to dismiss.  Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992)(citation omitted), *cert. denied*, 113 S. Ct. 1586 (1993).  However, this does not mean "that every statement in a complaint must be accepted as true." In re Mosello, 190 B.R. at 168.  The "court need not accept 'sweeping and unwarranted averments of fact.'" *Id., citing* Perniciaro v.

**No. 1:04cv82-mmp/ak**

Natale, 136 B.R. 344, 348 (Bankr. E.D.N.Y. 1992), *quoting* Haynesworth v. Miller, 820

F.2d 1245, 1254 (D.C. Cir. 1987).  Claims which "rely upon conclusory statements of

law" need not be accepted.  Northern Trust Co. v. Peters, 69 F.3d 123, 129 (7th Cir.

1995).  Conclusory statements and their inferences "are not sufficient to defeat a motion

to dismiss for failure to state a claim."  Northern Trust Co., 69 F.3d at 129; *see also*

Quality Foods de Centro America, 711 F.2d 989, 995 (11th Cir. 1983)(finding

"[c]onclusory allegations that defendant violated the antitrust laws and plaintiff was

injured thereby will not survive a motion to dismiss if not supported by facts constituting

a legitimate claim for relief.")

     *Pro se* complaints are to be held to a less stringent standard than those drafted

by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines

v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).  However,

a plaintiff is still required to "set forth factual allegations, either direct or inferential,

respecting each material element necessary to sustain recovery under some actionable

legal theory."  Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995).  It cannot be

assumed that a Plaintiff will prove facts which have not been alleged.  Quality Foods de

Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California,

Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L.

Ed. 2d 723 (1983).  Hence, even though the pleading standard for a *pro se* complaint is

quite liberal, "bald assertions and conclusions of law will not suffice."  Leeds v. Meltz, 85

F.3d 51, 53 (2d Cir. 1996).  Additionally, the court's duty to construe a plaintiff's

**No. 1:04cv82-mmp/ak**

complaint liberally is not the equivalent of a duty to rewrite it.  Peterson v. Atlanta

Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

The motion to dismiss will be granted if the "complaint fails to allege the violation

of a clearly established constitutional right."  St. George v. Pinellas County, 285 F.3d

1334, 1337 (11th Cir. 2002), *citing* Chesser v. Sparks, 248 F.3d 1117, 1121 (11th Cir.

2001), (citing Williams v. Ala. State Univ., 102 F.3d 1179, 1182 (11th Cir. 1997)).

### III.     Geico's Motion to Dismiss (doc. 21)

Defendant Geico moves to dismiss the complaint for lack of federal jurisdiction,

specifically, on the ground that Plaintiff has failed to identify the federal law upon which

his claims are based.  Further, assuming Plaintiff bases his claims on 42 U.S.C. §1983,

Geico asserts that he has failed to state a claim against it, a private corporation,

because he has failed to show a constitutional violation or that Geico was acting under

color of state law.

Constitutional violations do not apply to private citizens or corporations unless

they act under color of state law.  See Smartt v. First Union National Bank, 245

F.Supp.2d 1229, 1233 (MD Fla. 2003).  A private person acts under color of state law

when engaged in a conspiracy with state officials to deprive another of federal rights.

Tower v. Glover, 467 U.S. 914 (1984).  However, if the assertion of a conspiracy

between a state official and a private party is unsupported by any operative facts, is

insufficient to show the required state-action nexus.  Dessasau v. Cook, 2001 WL

34395880 (11th Cir.).  Although Plaintiff alleges, vaguely, some conspiracy, the

**No. 1:04cv82-mmp/ak**

conspiracy alleged is between Geico and the law firm of Schackow and Mercadante, another private business entity, not a state entity.

A court must determine on a case by case basis whether there is sufficient state action by a private actor to sustain a section 1983 cause of action. Willis v. University Health Services, 993 F.2d 837 (11th Cir. 1993). A plaintiff must how that the"symbiotic relationship between the public and private entities" involved the alleged violation of federal or constitutional law. Patrick v. Floyd Medical Center, 201 F.3d 1313, 1316 (11th Cir. 2000).

Plaintiff has filed a response to the motion, which adds nothing to the issues before the Court. To proceed in federal court, Plaintiff must have jurisdiction based on the Constitution or federal law or diversity of the parties. 28 U.S.C. §§1331 or 1332. Since Plaintiff does not have complete diversity with the defendants, he must proceed under federal question jurisdiction, and he has wholly failed to state a constitutional or federal law claim. Plaintiff's complaints against Geico appear to be contractual in nature regarding his disagreement with their settlement of a claim. There is nothing remotely of constitutional magnitude for these issues to be in federal court. Defendant Geico's motion to dismiss should be granted.

## IV.    Defendant Law Firm of Schackow and Mercadante's Motion (doc. 25)

Likewise, Plaintiff has failed to allege with any specificity how the law firm, who represented Sandra Shuler, violated his constitutional rights or how they are a state actor. Plaintiff alleges, vaguely, some conspiracy between this law firm and his

**No. 1:04cv82-mmp/ak**

insurance company, presumably because they settled the lawsuit without his permission.  Plaintiff has failed to specify what constitutional right was violated by this settlement, if indeed this is the basis for the alleged conspiracy, and has offered no factual support for his other state law claims of negligence, extortion or aiding and abetting a felony.  Defendant Schackow and Mercadante should also be dismissed.

## V.      Defendant Sandra Shuler's Motion to Dismiss (doc. 26)

Defendant Shuler explains that she and Plaintiff were involved in an accident for which neither of them received a traffic citation, but from which she suffered a knee injury.  Defendant Shuler hired the law firm of Schackow and Mercadante and they received a settlement from Plaintiff's insurer, Geico, for policy limits.  As with the other defendants, Plaintiff asserts without any factual support that Shuler violated some unspecified constitutional rights, conspired with others, committed a battery against him, and staged the accident to extort money from his insurance company.  Plaintiff has wholly failed to show any constitutional or federal law claim arising from the incident with Defendant Shuler and has offered no facts to support any of his other claims against her either.  Defendant Shuler's motion should be granted.

## VI.     Defendant Kevin Hamill (doc. 27)

Plaintiff alleges that he hired Hamill to investigate Shuler and that he "absconded with plaintiff's money."  Plaintiff offers no other facts about this claim.  Plaintiff also complains that he is afraid of Hamill.  Plaintiff again fails to specify what constitutional

**No. 1:04cv82-mmp/ak**

right or federal law was violated by Hamill, and thus, Hamill's motion to dismiss should also be granted.

## VII.  Defendant Stephen Oelrich (doc. 35)

Plaintiff has not alleged any personal involvement by Oelrich with regard to these claims, and he appears to have named him merely in his capacity as sheriff of Alachua County and Pam Capen's employer.  Although personal participation is not specifically required for liability under § l983, there must be some causal connection between the defendant named and the injury allegedly sustained.  Swint v. City of Wadley, 51 F.3d 988, 999 (11th Cir. 1995); Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991); Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986).  Supervisory personnel cannot be held vicariously liable for the actions of their subordinates, but may be independently liable if a reasonable person in the supervisor's position would have known that his conduct infringed the Plaintiff's rights and the supervisor's conduct was causally related to the subordinate's constitutional violation.  Greason v. Kemp, 891 F.2d 829, 836 (11th Cir. 1990); McKinney v. DeKalb County, 997 F.2d 1440, 1443 (11th Cir. 1993).  Since Plaintiff has failed to articulate any constitutional violation at all, no liability can be extended to Defendant Oelrich.

Plaintiff has drafted a vague, conclusory and factually devoid complaint that fails, after three attempts, to state a claim for relief against any of the named Defendants.[3]

_____

[3] Plaintiff moved to file a second amended complaint, wherein he did not purport to change the basic factual scenario upon which the claims are based or the defendants, he sought to add a list of federal statutes upon which his claims are allegedly based, none of which were viable.  The Court denied leave to amend on

**No. 1:04cv82-mmp/ak**

Plaintiff failed to adequately articulate the facts upon which he bases his claims and it was only through Defendants' statements of fact submitted with their motions that the Court was able to glean what actually happened and whom the Defendants were with regard to the accident scenario.  Plaintiff did not provide the Court with the insurance policy upon which he bases his complaints with Geico or the settlement documents he complains were negotiated on his behalf with the law firm of Schakow and Mercadante. Further, Plaintiff provides no factual support for any of the remaining claims leaving the Defendants and this Court guessing as to what he is claiming they did.  For example, Plaintiff claims that Geico slandered and libeled him, but fails to state what was said, to whom, when, or where.  Likewise, with his claim that Geico accused him of committing a crime.  Plaintiff also alleges that there were numerous conspiracies--between Geico and the law firm, between the sheriff's department and Geico, between Shuler and the law firm, but he has provided no facts to support any of these grandiose claims.

Plaintiff initially moved to proceed in forma pauperis (doc. 3), which the Court granted with the proviso that he cure the deficiencies in his amended complaint if he could.  (Doc. 7).  The Court did not intend to serve the defendants unless and until these deficiences were cured.  However, Plaintiff paid the filing fee and served the Defendants, with the exception of Pam Capen, which has resulted in a large expenditure of wasted time and effort by the Defendants and this Court.

_____

grounds of futility.  (See Order dated June 1, 2005).

**No. 1:04cv82-mmp/ak**

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants'

motions (docs. 21, 25, 26, 27, and 35) be **GRANTED**, and that Defendant Pam Capen

be dismissed for failure to serve her within 120 days of the filing of the complaint

pursuant to Rule 4(m), Federal Rules of Civil Procedure.

**IN CHAMBERS** at Gainesville, Florida, this ___**2nd**___ day of June, 2005.


**s/ A. KORNBLUM**
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


**<u>NOTICE TO THE PARTIES</u>**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:04cv82-mmp/ak**